UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
OSCAR MARTÍNEZ, DODA CHÁVEZ,
MIGUEL GONZALES, JOSE CHOM and
JOSE AGUILAR,

                Plaintiffs,                         **ORDER**

         -against-                       25 Civ. 245 (NSR)(JCM)

PPM GROUP LLC, PARISH PROPERTY
MANAGEMENT INC,
PPM RESTORATION LLC,
PPM CONTRACTING, INC., and
WILLIAM O'CONNOR.,

                Defendants.
--------------------------------------------------------X

Presently before the Court is El-Hag & Associates, PC and Jordan El-Hag, Esq.'s (collectively, "Counsel") motion to be relieved as counsel for Plaintiffs Jose Aguilar and Jose Chom in this action. (Docket No. 25).  No objections to the Motion have been filed.  For the reasons set forth below, the Court grants the Motion.

Pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, an attorney "who has appeared for a party may be relieved or displaced only by order of the court."  The Court may grant such an order "following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien." *Id*.  "It is well established that lack of cooperation and communication by a client and refusal to pay fees are sufficient reasons for granting withdrawal." *Fed. Ins. Co. v. Yusen Air & Sea Servs.*, No. 97-CIV-3830 (HB)(THK), 2001 WL 498412, at *2 (S.D.N.Y. May 9, 2001); *see also Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) ("Satisfactory reasons for withdrawal include a

1

client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client.") (internal quotation omitted).  Courts may also consider whether the motion is opposed, *see Stair v. Calhoun*, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010), or whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel," *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (internal quotation omitted) (alteration in original).

Here, the requirements of Rule 1.4 have been satisfied.  Counsel has attempted to contact Plaintiffs Chom and Aguilar for an extended period of time "through available means of communication, but they have not responded or otherwise participated in the prosecution of their claims[,]" interfering with Counsel's ability to provide effective representation. (Docket No. 25-2 ¶ 18).  Indeed, on February 25, 2026, Counsel advised the Court that Plaintiffs Aguilar and Chom had been unresponsive "for a period of months" and "if contact could not be reestablished" they would seek leave to withdraw as their counsel. (*Id*. ¶ 9).  On April 16, 2026, Counsel again advised the Court that Plaintiffs Aguilar and Chom still had not responded to any of their communications and thus, they would like to be relieved as counsel. (*Id*. ¶¶ 23-26).  Counsel, however, will remain as attorneys for the other named Plaintiffs. (*Id*. ¶ 31).  Moreover, discovery has proceeded on the other Plaintiffs' claims.  Therefore, withdrawal as counsel for Plaintiffs Aguilar and Chom will not prejudice the remaining Plainitffs or Defendants. (*Id*. ¶¶ 30-31). Furthermore, trial has not been set.  Finally, Counsel confirmed that they are "not asserting a retaining lien or charging lien against Plaintiffs Jose Aguilar and Jose Chom." (Docket No. 27 at 2).  Accordingly, the Court finds that Plaintiffs Chom and Aguilar's lack of cooperation and communication are sufficient grounds to grant Counsel's application to withdraw.[1]  *See Romero*

---

[1] Plaintiffs Aguilar and Chom have also failed to respond to Counsel's Motion.  On May 22, 2026, the Court directed Plaintiffs Aguilar and Chom "to respond to Counsel's request to withdraw by June 19, 2026," and warned

*v. New Blue Flowers Gourmet Corp.*, 16-cv- 8753 (DF), 2021 WL 860986, at *5 (S.D.N.Y. Mar. 8, 2021) (finding counsel's "inability to communicate with its clients due to their continued unavailability and lack of cooperation serves as a 'satisfactory reason' for the Court to grant the application to withdraw.").

For the foregoing reasons, Counsel's application to withdraw as counsel for Plaintiffs Aguilar and Chom is granted.  By July 7, 2026, the Court directs Counsel to serve original and Spanish-translated copies of this Order on Plaintiffs Aguilar and Chom via electronic communication and to file proof of service thereafter.

Dated: June 29, 2026
     White Plains, New York

SO ORDERED:

JUDITH C. McCARTHY
United States Magistrate Judge

---

them "that failure to respond will result in the motion being deemed unopposed." (Docket No. 26 at 1-2).  To date, Plaintiffs Aguilar and Chom have not responded to Counsel's Motion and, therefore, the Court also grants the Motion as unopposed. *See Romero*, 2021 WL 860986, at *5 (granting a motion to withdraw and noting that the "application is unopposed and there is no real concern here . . . that Plaintiff's prosecution of the suit would be disrupted by the withdrawal of counsel.").

3